**Mrs. Herbert W. O'BRIEN, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.
May 26, 1960.

Max J. Gwertzman, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant. Herbert J. Kaplow, New York City, of counsel.

DAWSON, District Judge.

This case was tried by the Court without a jury.

The action is one by a passenger on the Pennsylvania Railroad for loss of baggage entrusted to a "Red Cap" at the Pennsylvania Station. Plaintiff's testimony was taken by deposition and the deposition was read, it being established that she was not within 100 miles of New York City.

The Court finds the following facts:

Plaintiff came to the Pennsylvania Terminal, in New York, on the evening of January 13, 1955, en route to Greenville, South Carolina, for which she had a railroad ticket. She arrived at the railroad station with three bags and presented them to "Red Cap" Porter No. 77, who admittedly was an employee of the defendant. She received three baggage checks from him. She had no conversation with him. He took her bags and said he would meet her at the train. She took the baggage checks, put them in her purse and went to the waiting room to await the announcement of the departure of her train. When the train departure was announced she went to the train where the "Red Cap" informed her that two of her bags were missing and he could only redeliver one bag. She then, for the first time, examined the baggage checks which the "Red Cap" had given to her.

The baggage checks had printed on them, in rather small type, the following:

"Liability limited to not more than $50.00 for each bag or parcel. For additional valuation see reverse side."

On the reverse side of the baggage check was the following statement:

"$50.00 Limitation of Liability

"Liability limited to not more than $50.00 for each bag or parcel unless greater value declared in writing on form provided for that purpose.

"Declaration Form Available at Baggage Room

"An additional charge of 20¢ per bag or parcel will be made for each $100.00 or fraction thereof, declared in excess of $50.00.

"Bags and Parcels Prohibited

"A bag or parcel having value in excess of $500.00 will not be accepted under any circumstances."

■ The porter also testified by deposition. He remembered the incident wherein he was given three bags by a woman passenger on January 13, 1955 and was able to return only one to the passenger. He testified that while in a coach delivering a bag belonging to another passenger he had left the three bags which apparently belonged to Mrs. O'Brien in a hand truck outside the car for a period of less than a minute, and when he returned two of the bags had disappeared. The Court finds as a fact that the action of the employee of the defendant in leaving plaintiff's bags unattended while in a public place such as the railroad terminal was negligence and was the proximate cause of the loss of the bags.

■ The plaintiff testified on her deposition as to certain items which were contained in the bags and as to the cost of those items, or her estimate of the value of the items. She also offered in evidence a claim form which was submitted to the Southern Railway System. This claim form, of course, is of little value as proof of her actual loss, being unsworn, and being a statement of plaintiff's claim, rather than an appraisal. However, plaintiff's own testimony as to what the items cost is good evidence of their cost, and hence, some evidence of what the value might be, particularly in view of the fact that the plaintiff was herself a buyer and saleslady of women's apparel and jewelry. Ordinarily, an owner of personal property who is familiar with the quality and condition of such property is credited with having some knowledge of its value and need not qualify as an expert in order to testify on the subject. See Caten v. Salt City Movers & Storage Co., 2 Cir., 1945, 149 F.2d 428. The items of value as to which the plaintiff testified on her deposition totaled $2,784.

■ It may also be pointed out that the values testified to by the plaintiff on her deposition were, in certain instances, the cost values of a number of years previous to the loss and that there may have been some depreciation of the values. However, in the absence of other proof on the subject, the Court is inclined to take the value testified to by the plaintiff as to the particular items concerning which testimony was given. There was, however, a second bag containing some wearing apparel but no testimony was given as to its value or the value of its contents. The Court finds that the value of the two bags which were lost, and the items contained therein, was $2,800.

This then leads to the question which was the primary question at the trial, i. e., is the limitation of liability contained in the baggage checks binding on the plaintiff, and is she limited to a recovery of $100 for the two bags?

■ It must be kept in mind that there is a distinction between baggage delivered to a porter and baggage checked for transportation on a train. Checked baggage is carried pursuant to certain baggage tariffs. It was stipulated that there was no tariff applicable to the carriage of baggage by the porter from the entrance of the terminal to the train. Therefore, the issue in the case must be decided under the established laws of bailment as laid down by the courts of New York.

■ The law of New York applicable to this situation was established in the case of Klar v. H. & M. Parcel Room, 1st Dept.1946, 270 App.Div. 538, 61 N.Y. S.2d 285, 288. In that case the court said:

"* * * In the absence of a special contract, express or implied, a bailee accepting baggage to be checked in its parcel room on payment of a nominal sum becomes a bailee for hire and is bound to exercise ordinary care in keeping and safeguarding the property * * * The law in this State is well grounded that to bind the bailor to a contract limiting the bailee's liability, it must be established that there is

a special contract to that effect; that the bailor has had reasonable notice of the terms and that he has assented to them * * *."

In that case a parcel was checked at a parcel room on the concourse of the station of the Hudson & Manhattan Railroad Company in New York. The owner received a parcel check which had on it a statement that

"This Contract is made on the following conditions and in consideration of the low rate at which the service is performed, and its acceptance by the depositor, expressly binds both parties to the Contract.

\* \* \* \* \* \*

"Loss or damage—no claim shall be made in excess of $25.00 for loss or damage to any piece."

The Court in holding that one checking a valise was not chargeable with the knowledge that the parcel check contained a limitation of liability for loss, quoted with approval the language used by Mr. Justice Lyon in the decision in Healy v. New York Cent. & H. R. Co., 3rd Dept.1912, 153 App.Div. 516, 519, 138 N.Y.S. 287, 289, affirming 1914, 210 N.Y. 646, 105 N.E. 1086:

"The coupon was presumptively intended as between the parties to serve the special purpose of affording a means of identifying the parcel left by the bailor. In the mind of the bailor the little piece of cardboard, which was undoubtedly hurriedly handed to him, and which he doubtless as hurriedly slipped into his pocket, without any reasonable opportunity to read it, and hastened away without any suggestion having been made upon the part of the parcel room clerk as to the statements in fine print thereon, did not arise to the dignity of a contract by which he agreed that in the event of the loss of the parcel, even through

the negligence of the bailee itself, he would accept therefor a sum which, perhaps, would be but a small fraction of its actual value.

"The plaintiff having had no knowledge of the existence of the special contract limiting the liability of the defendant to an amount not exceeding $10, and not being chargeable with such knowledge, the minds of the parties never met thereon, and the plaintiff cannot be deemed to have assented thereto, and is not bound thereby."

In the present instance there was no proof that the attention of the plaintiff was called to the provision on the claim check limiting liability, nor that she assented thereto. There was no indication that she was given anything to sign establishing the value of the suitcases and their contents; nor was there any indication that any public announcement was made to draw the attention of passengers to the fact that the baggage checks contained a limitation of liability.

The Court concludes that the acceptance by the plaintiff of the claim check for the suitcases, under the circumstances, did not constitute a contract between the parties for the limitation of liability such as would limit the liability of the bailee for a loss arising from its negligence.

The Court concludes that the loss of the two bags and their contents was due to the negligence of an employee of the defendant and that defendant is liable for such loss.

The Court concludes that the value of the two bags and their contents, as established at the trial, was $2,800, and plaintiff is entitled to judgment therefor.

This opinion shall constitute the findings of fact and conclusions of law of the Court. Let judgment be entered accordingly.